1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| MONAT GLOBAL CORP., | Case No. 2:18-cv-00324-APG-GWF |
|---|---|
| Plaintiff, | |
| v. | **SEALED ORDER** |
| TONI MILLER, | (Emergency *Ex Parte* Motion for Expedited Third-Party Discovery– ECF No. 9) |
| Defendant. | |

This matter is before the Court on Plaintiff's Emergency *Ex Parte* Motion for Expedited Third-Party Discovery (ECF No. 9), filed March 1, 2018.

## BACKGROUND AND DISCUSSION

Plaintiff filed its Complaint (ECF No. 1) on February 21, 2018 which alleges causes of action for violations of Nevada Deceptive Trade Practices Act; Commercial Disparagement and Corporate Defamation; Defamation; and Intentional Interference with Prospective Economic Advantage.  Plaintiff asserts that Defendant has made multiple disparaging and false statements on her Facebook page relating to its hair care and personal products, which has caused financial harm to Plaintiff.  *See generally Complaint* (ECF No. 1).  Plaintiff believes that Defendant is a member of a Facebook group called "Monat – My Modern Nightmare" that is administered by an individual named Vicki Nittinger ("Nittinger").  *Motion* (ECF No. 9), 3.  Plaintiff has been informed that additional false and disparaging statements regarding its products have been posted by individuals in this group.  *Id.*  Moreover, Plaintiff asserts that it has recently learned that Nittinger plans to, or has already begun, deleting posts and other evidence contained in the Facebook group out of fear that Plaintiff will obtain such evidence during discovery.  *Id.* at 4. Therefore, Plaintiff requests leave to serve a subpoena on Nittinger to ensure that evidence relevant to this case is preserved and produced.

1    Generally, discovery is not permitted without a court order before the parties have held a

2    conference pursuant to Federal Rule of Civil Procedure 26(f).  Fed. R. Civ. P. 26(d)(1).  However,

3    upon a showing of good cause, the court may permit expedited discovery before the Rule 26(f)

4    conference.  *American LegalNet, Inc. v. Davis*, 673 F. Supp .2d 1063, 1066 (C.D.Cal.2009).

5    "Good cause exists 'where the need for expedited discovery, in consideration for the

6    administration of justice, outweighs the prejudice to the responding party." *Id.*

7    Upon review of Plaintiff's proposed subpoena, the Court finds good cause exists to allow

8    the requested expedited third-party discovery upon Nittinger.  Plaintiff's requests are narrow in

9    scope and limited to obtaining evidence that is relevant to the causes of action in this case.  In

10    addition, Plaintiff would be severely prejudiced if it were not allowed to serve the requested

11    subpoena because of the possibility that Nittinger will destroy pertinent evidence.  Accordingly,

12    **IT IS HEREBY ORDERED** that Plaintiff's Emergency *Ex Parte* Motion for Expedited

13    Third-Party Discovery (ECF No. 9) is **granted**.

14    **IT IS FURTHER ORDERED** that Plaintiff is to promptly file a return that demonstrates

15    that the subpoena was served on Vicki Nittinger.  Once filed, Plaintiff shall send a copy of its

16    Motion (ECF No. 9) and a copy of this order to Defendant or Defendant's counsel if she has

17    retained one.

18    **IT IS FURTHER ORDERED** that once Plaintiff files the subpoena return, the Clerk of

19    the Court is directed to unseal this order and the underlying Motion (ECF No. 9).

20    Dated this 2nd day of March, 2018.

21

22

23    GEORGE FOLEY, JR.
      UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28